PORTER v. DELAWARE, L. & W. R. CO.

(Circuit Court, D. New Jersey. January 6, 1905.)

1. INFANTS—INJURIES—EARNING POWER—EXPENSES.

Where, in an action for injuries by an unemancipated infant, it appeared that she would fully recover long before she became of age, she was not entitled to damages for loss of earning power, or for physicians' or nurses' charges.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, §§ 234, 240.]

2. SAME—DAMAGES—EXCESSIVENESS—NEW TRIAL.

Where, in an action for injuries to a girl 16 years of age, she had nearly recovered at the time of the trial, nearly a year after the accident, and she was neither entitled to recover exemplary damages, nor for loss of time or physicians' or nurses' services, a verdict in her favor for $3,500 was excessive, and should be reduced to $1,750, as a condition to refusing a new trial.

In Tort. On rule to show cause why verdict should not be set aside, and a new trial granted.

Eugene Emley, for plaintiff.
Robert H. McCarter, for defendant.

LANNING, District Judge. On November 12, 1903, the plaintiff sustained personal injuries as she was passing along Ogden street, in Newark, under a railroad bridge of the defendant company. The bridge broke, with a locomotive upon it, and the plaintiff was injured by the portions of the bridge which fell upon her. She was then not quite 16 years of age. Although she was then engaged in employment in Newark, her father resided in Paterson, where her home was, and she was unemancipated. The trial was

had before a jury on November 9, 1904. The proofs in the case showed that at the time of trial, just about a year after the accident, she had nearly recovered from the injuries received, and that there was no doubt that she would fully recover therefrom long before arriving at the age of 21 years. In such circumstances, she was not entitled to recover anything for loss of earning power, or for physicians' or nurses' bills. The right of action for these items is in her father. All she can recover for is her pain and suffering. On this theory the case was submitted to the jury. The jury rendered a verdict in favor of the plaintiff against the defendant for $3,500, and the defendant, on a rule to show cause, now moves to have the verdict set aside and a new trial granted.

After a careful consideration of the case, I have concluded that the verdict is excessive. It is true that no rule of law can be stated whereby the measure of pecuniary compensation for pain and suffering can be definitely fixed. They have no market value, and the allowance therefor must be left to the jury, subject only to the provision that the jury must not allow themselves to be controlled by sympathy, passion, or prejudice. In this case I am constrained to believe that the jury have unwittingly been influenced by considerations that ought not to have moved them. The case is not one for exemplary damages. A fair award for the plaintiff's pain and suffering is all they could have legally made.

In Morgan v. Illinois & St. Louis Bridge Company, Fed. Cas. No. 9,802, an action was brought by a child four years old against the bridge company for personal injuries received from a fall into an unguarded tunnel. The child's thigh bone was broken, but, the fracture having been well healed, and the leg neither shortened nor deformed, the master in chancery, to whom the case had been referred, concluded that the child could recover for nothing except his pain and suffering. In the course of his report, the master said:

"Will damages be given on account of physical suffering, where there has been no direct pecuniary loss? Upon this point I have some difficulty; but the tendency of the courts seems to be to sustain verdicts where the plaintiffs receive no substantial injury except physical pain and mental suffering, unless the verdicts are so excessive as to create a presumption that the jury acted from passion or prejudice."

He recommended a decree that the plaintiff recover $500 and costs. Exceptions were filed to this report, but Circuit Judge Dillon overruled the exceptions and sustained the report.

Taking as my guide this case, which I think is a fair one, I am forced to conclude that the verdict in the case at bar cannot be sustained. A reasonable allowance for the plaintiff's pain and suffering cannot, in my judgment, exceed the sum of $1,750. If the plaintiff is willing to accept that sum, the verdict may stand for $1,750 instead of $3,500. Otherwise it will be set aside, and a new trial granted.